1
2
3
4
5
6
7
8
9
10                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
11                                 AT SEATTLE
12
13
14

15   MIKE GOODMAN,

16                    Plaintiff,                 CASE NO. C09-1493RSM

17           v.                                  ORDER ON MOTION TO DETERMINE
                                                 SUFFICIENCY OF PLAINTIFF'S
18   NEW HAMPSHIRE INSURANCE COMPANY,            OBJECTIONS AND ANSWERS TO
     a Pennsylvania corporation, and AMERICAN    REQUESTS FOR ADMISSION
19   INTERNATIONAL GROUP, Inc., a Delaware
     corporation,
20
21                    Defendants.

22          This matter is before the Court for consideration of defendants' Rule 36(a) motion regarding the

23   sufficiency of plaintiff's responses to Requests for Admission.  Dkt. # 35.  Plaintiff has opposed the

24   motion.  The Court has fully considered the parties' memoranda and exhibits and finds, for the reasons

25   set forth below, that the motion shall be granted in part and denied in part.

26
27
28   ORDER - 1

BACKGROUND

This case aries from a diesel fuel leak aboard plaintiff's yacht, the *Conundrum*, which is insured by defendant New Hampshire Insurance Company ("New Hampshire").   On September 24, 2007, while the yacht was moored at Elliot Bay Marina, a leaking starboard fuel tank triggered automatic bilge pumps which pumped the diesel fuel overboard into the water.   When the leak was discovered, the bilge pumps were shut off and the spilled fuel was cleaned up at a cost of $4,433.58.   Plaintiff contacted New Hampshire to request information regarding coverage for the spill clean-up costs.   In the course of investigating the source of the spill, New Hampshire hired a marine surveyor (Dave Cater) who removed the starboard fuel tank for inspection.   This required removal of the vessel's cockpit and decking.   Plaintiff engaged a contractor to clean the vessel of all remaining fuel residue, remove the port tank, replace both fuel tanks, and rebuild the cockpit and decking to restore the vessel to its pre-incident condition.   Plaintiff then requested coverage for the entire repair.   However, the marine surveyor determined that the fuel tank leak was caused by corrosion, which is excluded from coverage under the applicable policy.

Relying on the corrosion exclusion, New Hampshire paid plaintiff $4,433.58 for the cost of the cleanup of the spill, and offered to pay $15,842.72 as reasonable cost of repairing the damage done by Mr. Cater's removal of the starboard fuel tank, but denied further coverage.   *See*, Declaration of Matthew Crane, Dkt. # 36, Exhibit A.   New Hampshire contends that even if the cause of the leak is later determined to be something other than corrosion so that it is covered, the bills submitted by plaintiff prior to filing suit included improvements which were unrelated to the repair of the yacht and not necessary to restore the yacht to pre-incident condition.   These disputed repairs include  modified cockpit deck hatches, new deck hatch drains, and re-routed engine exhaust lines, all of which defendant views as upgrades rather than required repairs.   According to defendant, such inclusion of unrelated items may constitute a misrepresentation which, under the policy, would void coverage altogether.   Defendant's Motion, Dkt. # 35, p. 3.

After sending several demand letters, which New Hampshire declined to honor, plaintiff gave notice of intent to sue, and filed this action for breach of contract, bad faith, and violation of the

Washington Consumer Protection Act in King County Superior Court.  Defendants timely removed it to this Court under the diversity provisions of 28 U.S.C. § 1332(a).  Defendant then sent Requests for Admission to plaintiff pursuant to F.R.Civ.P. 36(a), asking that certain facts be admitted or denied. Defendant asserts in this motion that plaintiff's answers to certain designated Requests for Admission are evasive, and that pursuant to Rule 36(a)(6) the Requests should be deemed admitted, or plaintiff should be directed to serve amended answers within ten days.   Plaintiff has opposed the motion.

DISCUSSION

Rule 36, titled "Requests for Admission,"  states in relevant part,

**(a) Scope and Procedure**.

(1) *Scope*.  A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either; and

(B) the genuineness of any described documents.

. . . .

(4) *Answer*.  If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

(5) *Objections*.  The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

(6) ***Motion Regarding the Sufficiency of an Answer or Objection***.  The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

ORDER - 3

1   F.R.Civ.P. 36(a)(1),(4),(5),(6).

2        According to the Notes following the rule, Rule 36 serves "two vital purposes, both of which are

3   designed to reduce trial time."  One is to "facilitate proof with respect to issues that cannot be eliminated

4   from the case."  The other is to "narrow the issues by eliminating those that can be."  F.R.Civ.P. 36,

5   Notes to 1970 Amendment.  The rule directs that the party answering must admit or deny, or "state in

6   detail why the answering party cannot truthfully admit or deny it."  F.R.Civ.P. 36(a)(4).  While Requests

7   may not be used to establish facts which are obviously in dispute, or to answer questions of law, "a party

8   may not object solely on the ground that the request presents a genuine factual issue for trial."

9   *Lakehead Pine Line Company, Inc., v. American Home Assurance Company*, 177 F.R.D. 454, (D. Minn.

10   1997); F.R.Civ.P. 36(a)(5).  The thirteen contested Requests for Admission here fall into four groups

11   and will be addressed in that way.

12        (1) Requests for Admission No. 3, 5, 7, and 9.

13        Each of these Requests concerns a demand letter sent by plaintiff's former counsel Robert

14   Zarkos to either the insurance adjuster or to defense counsel in the pre-litigation negotiations.  In each

15   request, defendant asks that plaintiff admit that Robert Zarkos "was authorized to send the letter . . . on

16   behalf of Mike Goodman . . . ."  In each answer, plaintiff objects on the basis of relevance, attorney-

17   client privilege, and work product doctrine, and asserts that the request is "vague and confusing with

18   respect to the phrase 'authorized to send the letter . .  on behalf of Mike Goodman. . .'" Declaration of

19   Matthew Crane, Dkt. # 36, Exhibit E.  Plaintiff also objects on the basis that the request "seeks to lay a

20   foundation for the introduction of correspondence that is protected under Federal Rules of Evidence

21   Rule 408 and statutory privileges in regard to settlement communication."  *Id*.  Finally, in each

22   response, plaintiff states that without waiving objections, plaintiff "admits that Robert Zarkos, as

23   Plaintiff's counsel, sent the letter. . . in an effort to resolve the subject claim."  *Id*.  The responses, like

24   the Requests, differ only as to the date of each letter and its recipient.

25        Defendant contends that the objections are improper and without legal basis, and that the

26   question is a simple factual question as to whether attorney Zarkos was acting within the scope of his

27   authority when he sent the four demand letters to defendant.  Defendant argues that the term

28    ORDER - 4

1   "authorized" is not vague in the context of attorney Zarkos' representation of plaintiff, and that it only

2   seeks "to confirm that plaintiff will not contend at trial that Zarkos did not act within his authority."

3   Defendant's Motion, Dkt. # 35, p. 7.

4          In opposing the motion, plaintiff relies on the ER 408 objection, contending that the letters were

5   sent during settlement negotiations and in anticipation of litigation, and that ER 408 bars their

6   introduction into evidence.  Evidence Rule 408 states, in relevant part, that offers of settlement are not

7   admissible "on behalf of any party, when offered to prove liability for, invalidity of, or amount of a

8   claim that was disputed as to validity or amount. . ."  ER 408.  Plaintiff argues that defendant is

9   attempting to use the letters as proof of invalidity of a claim—referring to his claim for payment of the

10  disputed repairs—so the request is objectionable under ER 408.  That is a strained interpretation of ER

11  408.  Assuming, without deciding, that the demand letters were in fact settlement offers, defendant is not

12  seeking to use the letters to invalidate the claim in the manner disallowed by the rule.  The letters make

13  claim to reimbursement for various aspects of the contractor's work on the vessel.  The simple question

14  posed in the Requests for Admission is whether attorney Zarkos was "authorized" to send the letters on

15  behalf of plaintiff.  That is not a vague or confusing term;  it simply asks whether the attorney was

16  acting within the scope of his authority.   This is not an objectionable question and it is one which can

17  be answered with either "admit" or "deny."  Defendant's motion shall be granted as to these Requests.

18  Plaintiff shall be directed to provide a responsive answer within ten days of the date of this Order.

19          (2) Requests for Admission No. 10, 12, and 13(2).

20          In these three Requests, defendant asks that plaintiff admit that in plaintiff's demand letter of

21  November 2, 2008, claims were made for expenses related to the cockpit deck hatches, installation of

22  drain lines for the cockpit hatches, and re-routing of engine exhaust lines.  Declaration of Matthew

23  Crane, Dkt. # 36, Exhibit E.  The November 2, 2008 letter was designated a "20 Day Notice of Intent to

24  File Suit Pursuant to RCW 48.30.015(8), and stated that plaintiff "will be forced to institute a lawsuit if

25  New Hampshire Insurance Company does not meet his demand of $108,932.42 (the costs to repair this

26  vessel identified in our July 11, 2008 correspondence) . . . ."  Dkt. # 36, Exhibit D.

27          In responding to each of these three Requests, plaintiff objected that the question is "vague and

28  ORDER - 5

ambiguous" as well as objectionable under ER 408.  Then without waiving objections, plaintiff admitted

"that the letter speaks for itself."  Plaintiff then added,

> Plaintiff also admits that the New Hampshire policy provides coverage for "indirect physical
> loss of damage caused by any hidden defect."  As a result, Plaintiff has a good faith and
> reasonable belief that such costs are covered.  The subject letter was sent in an effort to
> resolve a disputed claim.

Declaration of Matthew Crane, Dkt. # 36, Exhibit E.

Plaintiff's opposition to defendant's Rule 36 motion on these three Requests relies on the same

ER 408 arguments made with regard to Requests for Admission No. 3, 5, 7, and 9.  Plaintiff's argument

is rejected by the Court for the same reason.  Plaintiff also asserts that he provided proper responses to

these Requests.  The Court shall accordingly grant defendant's motion as to these three Requests and

deem plaintiff's response that "the letter speaks for itself" as an admission of the matter requested.

(3) <u>Requests for Admission No. 11, 13(1), and 14</u>

In each of these three Requests, defendant asks plaintiff to admit that the specified

action—modification of the cockpit deck hatches, installation of drain lines for the deck hatches, or re-

routing of the engine exhaust lines—was "not needed for repairs to the yacht because of the fuel leak on

or about September 24, 2007."  *Id*.   In each case, plaintiff responded with essentially the same response

given to the corresponding Requests in Nos. 10, 12, 13(2), above.  That is, in each case, plaintiff made

objections regarding vagueness and ambiguity, and asserted the ER 408 argument.  Then, in each

instance, plaintiff stated,

> Without waiving any objections, Plaintiff admits that the letter speaks for itself.  Plaintiff
> also  admits that the New Hampshire policy provides coverage for "indirect physical
> loss of damage caused by any hidden defect."  As a result, Plaintiff has a good faith and
> reasonable belief that such costs are covered.  The subject letter was sent in an effort to
> resolve a disputed claim.

*Id*.  Defendant correctly argues that this answer, which is obviously copied from the responses given to

Requests Nos. 10, 12, and 13(a), is non-responsive to the question.  However, because the Request

actually poses a disputed question of fact, one which goes directly to the questions which are ultimately

at issue in this lawsuit, it could be deemed objectionable.  As to these three Requests, the Court shall

grant defendant's motion but afford plaintiff an opportunity to submit revised objections and a proper

ORDER - 6

responsive answer, providing details as set forth in Rule 36(a)(4) and (5).

(4) <u>Requests for Admission No. 17, 18, and 19</u>.

In each of these Requests, defendant asks plaintiff to admit that a specified action—again referring to modification of the cockpit deck hatches, installation of drain lines for the deck hatches, or re-routing of the engine exhaust lines—was "not performed 'to have his boat returned to its pre-tank failure condition' as stated in the letter of Robert P. Zarkos on July 11, 2008."   In each response, plaintiff again objected that the Request was vague and ambiguous, and also that it improperly sought information related to a "confidential and protected settlement communication."  Plaintiff then stated, in each response,

> Without waiver, the subject letter speaks for itself.  The repairs as set forth in the correspondence were part of the overall repairs to the subject boat, which Plaintiff contends are owed under the policy and are otherwise owed as a result of Defendant's bad faith and negligent conduct in regard to this claim.

*Id*.

Plaintiff's meritless objection based on the "settlement" nature of the letters has been addressed above.  However, the Court finds that these Requests, like the three immediately above, could be considered objectionable in that they call for a conclusion on a question that is the ultimate issue in this lawsuit.  The answer, which neither admits nor denies the Request, is non-responsive, but plaintiff shall be given an opportunity to amend the response to comply with Rule 36(a)(4) and (5).

## CONCLUSION

Defendant's Rule 36(c) motion (Dkt. # 35)  is GRANTED IN PART and DENIED IN PART as follows:

(1) As to Requests No. 3, 5, 7, and 9, the Court finds plaintiff's objections without merit, and the answers evasive.  Plaintiff shall serve amended answers either admitting or denying the Requests within ten days of the date of this Order, or the Requests shall be deemed admitted.

(2) As to Requests No. 10, 12, and 13(2), the Court deems the requests admitted.

(3) As to Requests No. 11, 13(1) and 14, the Court find that the Requests may be objectionable.  Plaintiff shall serve amended answers which fully comply with Rule 36(a)(4) and (4) within ten days of

ORDER - 7

the date of this Order.

       (4) As to Requests No. 17, 18, and 19, the Court also finds that the Requests may be objectionable.  Plaintiff shall serve amended answers which comply with Rule 36(a)(4) and (5) within ten days of the date of this Order.

       Dated this 18th day of June 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 8